## MALLORY v. HAYNES et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

MUNICIPAL CORPORATIONS ☞706—COLLISION—ACTION FOR INJURY—SUFFICIENCY OF EVIDENCE.

Evidence in an action for injury when defendant's motor car collided with plaintiff's motorcycle, brought on the ground of defendant's excessive speed and negligent driving, *held* not to sustain judgment for plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706.]

Appeal from Trial Term, Putnam County.

Action by Robert Mallory against John L. Haynes and another. From a judgment in favor of plaintiff, and from an order denying their motion for a new trial, defendants appeal. Judgment and order reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and RICH, JJ.

James E. Carroll, of Poughkeepsie, for appellants.
Morschauser & Mack, of Poughkeepsie, for respondent.

JENKS, P. J. The plaintiff sues for negligence whereby his motorcycle and defendants' motor car collided. The plaintiff's version is that, when driving his motorcycle northerly on the right-hand side of a highway through a small village, he attempted to turn towards the west into a state road that intersected the highway at a right angle, and that his vehicle collided with the motor car of the defendants, which was being driven on the state road from west to east. The plaintiff complains of excessive speed and negligent driving, or, to quote his words as a witness, that the default of the defendant was that he "did not turn out and slow down."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff testifies that he was traveling at 10 miles an hour; that his view as he approached this intersection was shut out by a building on the southwest corner until he came within 20 or 21 feet of the state road; that he began his turn at this distance, and that, when he had traveled 30 feet, and was within 2 feet over the center of the state road, the two vehicles "hooked together," "head on." He saw the motor car when it was 171 feet distant. He testifies that the defendant, instead of "swerving" to the right, swerved to the left. The plaintiff is not corroborated as to the relative courses of the vehicles by any oral testimony. The state road is 29 or 30 feet in width. The plaintiff testifies that he turned the corner within 10 or 15 or 12 feet therefrom. The defendant John L. Haynes testifies that the plaintiff turned at about 6 feet therefrom. The estimate of his son, a passenger in the motor car, is 5 or 6 feet, and that of defendants' witnesses Ludington and Eastwood, who examined the tracks of the motorcycle immediately after the accident, is 6 and 7 feet, respectively. Scalla, an eyewitness for the defendant, estimates the distance at 9 feet.

The weight of the evidence upon this feature of the case is that the plaintiff made a comparatively short turn of the corner into the normal course of the defendants' motor car, when it was the plaintiff's duty to turn to the right of the center of the intersection. Subdivision 3, § 332, Highway Law (Consol. Laws, c. 25); section 326, Id. The defendant testifies that he was driving his motor car a little to the right of the center of the highway, if anything, and that when he first saw the plaintiff, about 3 car lengths away, he "pulled" his car to the right immediately, to within about 4 feet of the curb. He is corroborated as to the line of his travel by his son and by two women, all passengers in the car, and by several witnesses, both of plaintiff and defendants, who examined the tracks of the car immediately after the accident.

There is no proof as to the speed of the defendants' motor car at the time of the collision or immediately before it. The plaintiff could not estimate it, although he testified that while he went 30 feet the defendant traveled 171, which would make the defendant's speed about 57 miles an hour. Of the plaintiff's witnesses, Haviland, who saw the motor car when it was about 600 feet from the place of collision, says that the speed then was 30 miles an hour. Block, who did not watch the car as it approached the corner, testifies that, when he saw it, it was going "fast." Defendants' witness Ballard, who heard the whir of the motor when the car was 600 feet from the point of collision, judged that the speed at that time was at the rate of 30 miles an hour. The defendant testifies that he had been driving fast, as there was an open and a clear road, but that, as he approached the intersection of the streets, he had slowed down his car, because he intended to pass over the rough crossing over the railroad tracks, both because of this roughness and because there was an engine coming down from the south, that he had applied the brakes also, as the grade was downwards, and that he increased the application when he saw the plaintiff. He is corroborated as to the roughness of the crossing

and the approach of the engine by witnesses called by the plaintiff. He is corroborated as to his reduction of the speed.

However fast the defendant drove his motor car, even 600 feet away from the crossways, it was but natural that he would reduce the speed as he neared an intersecting street wherein were laid railroad tracks over which he intended to cross, and especially when his view was somewhat limited and he had reason to believe that a locomotive engine was near at hand. There is no proof of his omission to take such ordinary precautions for his own safety, and there is proof that he did take them. There is no proof to show that the plaintiff was other than a man of normal faculties, which were then in normal condition. We are not satisfied that, either upon the issue of excessive speed or of negligent driving, the plaintiff upheld the burden of proof, and therefore we must grant a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.